*Decision will be entered under Rule 50.*

L. M. BRYAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100378.   Promulgated April 9, 1941.

*Charles W. Wingett, Esq.,* for the petitioner.
*Gene W. Reardon, Esq.,* for the respondent.

#### OPINION.

TURNER: The respondent determined a deficiency in petitioner's income tax for the year 1937 in the amount of $234.12. From the notice of deficiency it appears that the petitioner on his return claimed a deduction of $2,766.73 as the amount of loss sustained during the taxable year in the operation of a fish hatchery. The deficiency results from the disallowance of that deduction to the extent of $1,959.49.

The facts were stipulated as follows:

1. In 1931 petitioner established a fish farm in Scotts Bluff County, Nebraska, for the purpose of propagation and culture of trout together with his other business activities. He built artificial open ponds upon his land and at the end of the first year a lot of fish were lost.

2. During the first few years storms contaminated the waters and many fish were lost. In the spring of 1934 the ponds were contaminated from poison meat (feed) and dead fish were hauled away by the wheelbarrow load. The estimated loss was 10,000 fish.

3. No actual count of the fish was ever made since it would be impracticable to make an actual count as it would result in a 10% loss through handling. No adjustment to inventory was made prior to the taxable year 1937 either for sales or for losses sustained.

4. As a result of said losses petitioner arbitrarily wrote down closing inventory in the amount of $2,000 representing an estimated loss which was reflected as a deduction in computing loss from operations. The petitioner had no fixed method of counting the fish nor did he ever make an actual count thereof.

5. The petitioner's records indicate that an inventory was set up as follows:

INVENTORY

| | Total | Fish & Eggs | Feed | Labor & Exp. | Labor & Expense Not Capitalized | Gross Sales |
|---|---|---|---|---|---|---|
| 1931 Purchases | | $803.61 | $248.72 | $231.69 | | $131.49 |
| 1932 Purchases | | 8.54 | 259.58 | 203.37 | | 313.71 |
| 12/31/32 Inv | $1,755.51 | 812.15 | 508.30 | 435.06 | | |
| 1933 Purchases | | 126.95 | 227.55 | | $348.18 | 456.29 |
| 12/31/33 Inv | 2,110.01 | 939.10 | 735.85 | 435.06 | | |
| 1934 Purchases | | 138.09 | 357.87 | | 661.56 | 321.78 |
| 12/31/34 Inv | 2,605.97 | 1,077.19 | 1,093.72 | 435.06 | | |
| 1935 Purchases | | 161.01 | 322.54 | | 506.95 | 313.38 |
| 12/31/35 Inv | 3,089.52 | 1,238.20 | 1,416.26 | 435.06 | | |
| 1936 Purchases | | 208.05 | 256.69 | | 484.92 | 458.72 |
| 12/31/36 Inv | 3,554.26 | 1,446.25 | 1,672.95 | 435.06 | | |
| 1937 Purchases | | 93.57 | | | $177.52 | 460.11 | 122.51 |
| 12/31/37 Inv | 3,647.83 | 1,539.82 | | | | 2,639.24 | 2,117.91 |
| Less | (2,000.00) arbitrary write-off | | | | | |

$1,647.83 inventory reported on return 12/31/37

6. In the deficiency letter, a copy of which is attached to the amended petition and made a part hereof by reference, the Commissioner disregarded inventories in computing net income or loss from petitioner's operation of said fish ponds, resulting in an additional deductible loss of $411.55 for 1936 and a reduction of $1.959.49 in the amount of loss claimed in the petitioner's income tax return for 1937.

The petitioner claims to have computed his loss from the operation of the fish hatchery by the use of inventories. According to the stipulation the inventories from 1931, when the hatchery was established, through 1936 were nothing more than the accumulated totals of all purchases of fish and eggs plus the cost of feed and a portion of the sums paid for labor and other expenses from the date of establishment to the dates of the respective inventories. No physical inventory was ever taken and no adjustment was ever made to eliminate

from inventory the fish sold during any year and prior to December 31, 1937, no adjustment was made for fish lost during any year, although according to the stipulation dead fish were hauled away by the wheelbarrow load in the spring of 1934. It is also to be noted that no allowance for adjustment of inventories was ever made to include fish raised at the hatchery, except possibly through the addition to inventory at the end of each year of the amount expended for feed and a portion of the sums paid for labor and other expenses.

According to the notice of deficiency the respondent determined that "the net income of a fish hatchery can not be properly computed on the basis of inventory" and determined the amount of petitioner's net loss by taking the difference between gross sales and the total of purchases of fish, eggs, feed, cost of labor and other expenses, repairs, and depreciation. Reconciliation of the amount of loss disallowed with the loss claimed by petitioner was shown in the deficiency notice by disallowing petitioner's arbitrary write-down of inventory amounting to $2,000 and adjusting the depreciation claimed.

The petitioner contends that the use of inventories in the fish hatchery business is proper and that the loss from the fish hatchery as computed by him and deducted on his return is correct. The respondent adheres to his determination that the net income of a fish hatchery can not be properly computed by the use of inventories and that in any event there is no basis of fact for the allowance of the arbitrary write-down in the closing inventory in the amount of $2,000, which, as noted in the reconciliation contained in the deficiency notice, accounts for the loss deduction disallowed.

On the record as it stands, it is not necessary to determine the question whether the income of a fish hatchery may be properly computed by the use of inventories, since the facts show that the so-called inventory used by petitioner is not in reality an inventory. Up to December 31, 1937, it does not purport to show anything but the accumulated cost of fish and eggs purchased from the date the hatchery was established plus the cost of feed and a part of the sums paid out for labor and other expenses. An inventory has been defined as "an itemized list of goods or values, with their estimated worth; specif., the annual account of stock taken in any business", Webster's New International Dictionary, and as "a detailed list of articles or property; a list or schedule of property, containing a designation or description of each specific article; an itemized list of the various articles constituting a collection, estate, stock in trade, etc., with their estimated values. * * *", Black's Law Dictionary. In the instant case there was no physical or other count. While a book inventory may be maintained, the purpose of the inventory is to show goods on hand as of a given date, whether the inventory be on cost or

144

market, and in order to accomplish that purpose the book inventory must show proper credits for goods used, transferred, sold, or lost since the last inventory, as well as charges for goods purchased during the period, and under article 22 (c)–2 of Regulations 94 it is required that the balances shown by book inventories should be verified by physical inventories at reasonable intervals and adjustments made as indicated by such physical count. Here the so-called inventory still includes the cost of fish sold from 1931 through the taxable year and no allowance was made for losses until December 31, 1937, when the arbitrary write-down of $2,000 was made, although heavy losses were incurred in 1934 through the death of fish. In short, the so-called inventory by means of which the petitioner has sought to compute the amount of the loss sustained by him in the operation of the fish hatchery is no inventory at all, but merely a record of certain expenditures less, in the case of 1937, the arbitrary write-down for losses, and its use without proper adjustments can be of no assistance in reaching the correct result as to profits realized or losses sustained. The petitioner has failed to offer any facts which might form the basis for making the necessary and proper adjustments to reflect a true and proper inventory and in fact has not shown that a proper inventory can be taken in the business in which he is engaged. We are accordingly of the opinion that the respondent did not err in disregarding the so-called inventories used by the petitioner.

We are also of the opinion that the respondent's alternative argument to the effect that the petitioner in no event is entitled to the $2,000 loss reflected by the arbitrary write-down in that amount to cover fish lost from death or other cause is well taken. The only losses shown by the record were losses sustained in 1934 and not in the taxable year, and, even if the petitioner's inventory should otherwise be accepted as proper, restoration of the $2,000 write-down would be required.

*Decision will be entered for the respondent.*